**Larry Joseph FRANCOIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 46335, 46336.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Tipton, Bishop & Company by David R. Bires, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Charles Cate, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

These appeals are from orders revoking probation.

On September 27, 1971, appellant entered pleas of guilty to the offenses of burglary and felony theft in these causes; punishment was assessed at ten years in each case. The imposition of the sentences was suspended and probation granted. One of the terms and conditions of probation was that he commit no offense against the laws of this state.

On January 4, 1972, motion to revoke probation was filed in each case. The allegations set out that "said probationer committed the offenses of Burglary and Felony Theft on or about October 27, 1971, in Harris County, Texas." A hearing was conducted on February 1, 1972, after which the trial court revoked the probations and pronounced sentence.

Court appointed counsel on appeal asserts that he has diligently searched the records and the law applicable thereto in an attempt to discover some meritorious grounds of error during the hearing on the motions to revoke probation. He points

out that one possible ground wherein an abuse of discretion might be shown is "that the evidence identifying appellant as committing the offense charged was insufficient."

The records before us have been carefully reviewed and we agree that the appeals are wholly frivolous and without merit. As to the identity of appellant, the record reflects that a witness saw and positively identified appellant and another coming out of the burglarized apartment carrying the stolen television set on October 27, 1971.

Appellant's pro se brief, wherein he acknowledges having received counsel's appellate brief, has been reviewed and found to be without merit.

No abuse of discretion having been shown, the judgments are affirmed.